# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE HARVEY WHITE,** | : | |
| | : | |
| Petitioner, | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | **14-4467** |
| **Mr. MAHALLY, et. al.,** | : | |
| | : | |
| Respondent. | : | |

## ORDER

**AND NOW**, this 3rd day of June 2015, upon consideration of Petitioner's objections and a *de novo* review of Judge Hart's report and recommendation, **IT IS HEREBY ORDERED** that:

1. Petitioner's objections are **OVERRULED**.

2. The report and recommendation is **APPROVED** and **ADOPTED**.[1]

---

[1] I review de novo those portions of the magistrate judge's report to which timely and specific objection is made. 28 U.S.C. § 636(b)(1); Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984). Where objections are untimely, general, or not filed at all, I need only "give some reasoned consideration to the magistrate's report," Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), and review it for clear error. S*ee* Fed. R. Civ. P. 72(b) advisory committee's note. In any case, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667, 676 (1980).

Mr. White objects that Judge Hart applied law to his petition which had not been established at the time of his trial in January 2009. He first takes issue with the inevitable discovery doctrine which he claims was first announced by the Pennsylvania Superior Court in July 2009. However, Pennsylvania courts have recognized the inevitable discovery doctrine since 1972. Com. v. Hoffman, 589 A.2d 737, 743 (Pa. Super. 1991) (citing Commonwealth v. Garvin, 293 A.2d 33 (PA. 1972)). The doctrine was accepted by the United States Supreme Court in 1991. Nix v. Williams, 467 U.S. 431 (1984). The inevitable discovery doctrine was well established at the time of Mr. White's trial. He also denies that a federal habeas court is bound by the state court's interpretation of its own evidentiary law, yet this principle is axiomatic and beyond dispute. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." (Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975))).

Mr. White also argues that he did not default his claim that trial counsel was ineffective for failing to call George Perry as a witness at trial. As evidence, Mr. White submits a letter from the Pennsylvania Supreme Court to establish that he submitted his Superior Court PCRA brief to the Supreme Court on his petition for allocatur. This is

3. The petition for writ of habeas corpus is **DENIED**.

4. There is no probable cause to issue a certificate of appealability.

5. The clerk is directed to mark this case **CLOSED**.

BY THE COURT

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

a futile effort as Mr. White failed to raise the George Perry claim in his Superior Court brief. *See* Commonwealth' Exhibit C at 1-2. His failure to raise the claim before the Superior Court supports a finding of procedural default.

I have reviewed the remainder of Judge Hart's report and recommendation to which no specific objection has been made. I find it to be well reasoned and clear of free error.